MAIR, MAIR, SPADE & THOMPSON
A Professional Corporation
Attorneys at Law
238 A.F.C. Flores Street
Suite 801, Pacific News Building
Hagåtña, Guam 96910
Telephone: (671) 472-2089/2090
Facsimile: (671) 477-5206

Attorneys for Defendant/Counterclaim-Plaintiff
  NetCor, Inc. Holding Company,

FILED
DISTRICT COURT OF GUAM
OCT 27 2004
MARY L. M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| OCCIDENTIAL LIFE INSURANCE COMPANY OF NORTH CAROLINA,<br><br>Plaintiff,<br><br>v.<br><br>NETCOR, INC. HOLDING COMPANY,<br><br>Defendant.<br><hr>NETCOR, INC. HOLDING COMPANY,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>OCCIDENTIAL LIFE INSURANCE COMPANY OF NORTH CAROLINA,<br><br>Counterclaim-Defendant. | CIVIL CASE NO. 04-00041<br><br><br><br><br><br><br><br><br><br><br>**NETCOR, INC. HOLDING COMPANY'S ANSWER AND COUNTERCLAIM** |

**ORIGINAL**

COMES NOW Defendant, NetCor, Inc. Holding Company and replies to Plaintiff Occidental Life Insurance Company of North Carolina's complaint as follows:

1. Defendant is without sufficient knowledge of the facts asserted in paragraphs 1 and 26 of Plaintiff's Complaint to form a belief regarding these allegations and, therefore, denies each and every allegation set forth therein, generally and specifically.

2. Defendant denies the allegations set forth in paragraphs 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27, 28 and 29 of Plaintiff's Complaint.

3. Defendant admits the allegation set forth in paragraph 2 of Plaintiff's Complaint.

4. In response to paragraph 3 of Plaintiff's Complaint, Defendant admits that this Court has jurisdiction based on diversity and the amount in controversy, however, Defendant is without sufficient knowledge to form a belief as to Plaintiff's domicile and, therefore, denies all other allegations in paragraph 3 of the Complaint.

5. In response to paragraph 4 of Plaintiff's Complaint, Defendant denies that 48 U.S.C. §§ 1421i(h) designates the District Court of Guam as the proper venue of this lawsuit because Section 1421i(h) only addresses the jurisdiction of the District Court over suits for recovery or collection of taxes and the payment of judgment relating thereto.

6. Defendant admits the allegation in paragraph 12 of Plaintiff's Complaint that states that dividends were timely paid by NetCor to OLIC on the Class A Preferred Stocks, as well as the allegation in paragraph 12 that NetCor had deposited an amount representing the

2

September 30, 2003 dividends into a trust account pending resolution of this dispute. However, Defendant denies that the September 30, 2003 dividends is due and owing to OLIC and, therefore, Defendant denies all other allegations contained in paragraph 12 of the Complaint not otherwise admitted herein.

7. Defendant specifically denies that Plaintiff is entitled to any relief requested in its Complaint or in its prayer for relief.

8. Any allegations and requests for relief not specifically admitted herein are expressly denied.

### AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim against Defendant for which relief can granted pursuant to Guam Rules of Civil Procedure Rule 12(b)(6).

2. Plaintiff's claims are barred for failure to comply with Guam's Business License Laws pursuant to 11 G.C.A. §70130(d) and (g).

3. Plaintiff's claims are barred pursuant to Guam's Corporate Laws, specifically, 18 G.C.A. §4105.

4. Plaintiff's claims are barred pursuant to Guam's Corporate Laws, specifically, 18 G.C.A. §7104.

5. Plaintiff's claims are barred by the Doctrine of Unclean Hands.

6. Plaintiff's claims are barred for Breach of Fiduciary Duty.

7. Plaintiff's claims are barred because it is guilty of unfair or inequitable

3

conduct and the Plaintiff took unfair advantage of Defendant;

8. Plaintiff's claims are barred based it breached its Duty of Disclosure owed to Defendant.

9. Plaintiff's claims are barred based on the Doctrine of Good Faith and Fair Dealing.

10. Plaintiff's claims are barred for knowingly and fraudulently making false statements affecting the value of shares.

11. Plaintiff's claims are barred by the Doctrine of Self-Dealing.

12. Plaintiff's equitable claims are barred because it has an adequate remedy at law.

13. Plaintiff's claims are barred based on the Doctrine of Latches.

14. Plaintiff's claims are barred based on Estoppel.

15. Plaintiff is barred from recovering against Defendant due to fraud committed by its president James W. Lillie, Jr.

16. Plaintiff is barred from recovering attorney's fees against Defendant because it has no contract with Defendant which permits recovery of attorneys' fees.

17. Plaintiff is barred from recovery against Defendant due to its breach of its fiduciary duty owed to NetCor as a shareholder of the company.

18. As a shareholder of Defendant NetCor, Plaintiff's claims are limited to a shareholder derivative action and cannot recover under the causes of action set forth in its Complaint.

4

## COUNTERCLAIMS

Independent of the foregoing Answer, Counterclaim Plaintiff NetCor, Inc. Holding Company ("NetCor") makes and presents the following counterclaims against Counterclaim Defendant Occidental Life Insurance Company of North Carolina ("OLIC") and respectfully represents to the Court as follows:

## JURISDICTION

1. The Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §1367(a).

2. At all times relevant to this action, NetCor was and is duly incorporated, licensed and authorized to conduct its business on Guam.

3. On information and belief and at all times relevant to this action, OLIC was and is a Texas Corporation with its principal office located in Waco, McLennan County, Texas.

## FACTUAL BACKGROUND

4. In 1997, during negotiations with NetCor incorporators Kurt S. Moylan and Kaleo S. Moylan (the "Moylans") for the purchase by NetCor of OLIC's portfolio of insurance business in Guam and Micronesia, OLIC was represented by its president James W. Lillie, Jr., who at all times relevant herein represented to the Moylans that he was authorized to enter into negotiations and contracts on behalf of OLIC. At all times during the 1997 negotiations, the Moylans were authorized to act on behalf of NetCor Inc.

5. On February 28, 1998, NetCor and OLIC entered into a Transfer

5

Agreement (the "Transfer Agreement") which provided for the purchase by and transfer to a life insurance company to be formed by NetCor Inc. of all of OLIC's book of insurance business in Guam and Micronesia.

6. On April 2, 1998, NetCare Life and Health Insurance Company ("NLHIC"), a subsidiary of NetCor, was granted a Certificate of Authority by the Guam Insurance Commissioner to do business in Guam as a domestic insurer.

7. On April 31, 1998, NetCor Inc. assigned the Transfer Agreement to NLHIC in exchange for shares of common stock in NLHIC and further made a capital cash contribution to NLHIC.

8. On July 15, 1998, OLIC and NLHIC entered into an Agreement for Transfer and Assumption of Insurance Portfolio (the "Assumption Agreement") whereby NLHIC agreed to purchase OLIC's policies of life and health insurance in Guam and Micronesia.

9. NetCor is not a party to the Assumption Agreement; however, Amendment No. 2 to the Assumption Agreement dated November 30, 1998, provided as a condition of Closing that "NetCor shall deliver to OLIC's representatives the preferred stock as described in the Subscription Agreement."

10. On December 31, 1998, OLIC and NetCor entered into a Subscription Agreement whereby NetCor issued to and OLIC received Twenty Thousand (20,000) shares of Class A Preferred Stock in NetCor, Inc.

11. OLIC has been paid dividends from NetCor according to such

6

shareholdings.

## FIRST CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY OWED TO NETCOR

12. NetCor hereby re-alleges and incorporates by this reference as if fully set forth herein the allegations contained in paragraphs 1 through 9 of its Counterclaim.

13. At all times relevant herein, OLIC owed a fiduciary duty to NetCor as a shareholder of preferred stock in NetCor.

14. As a holder of preferred stock in NetCor, OLIC was given greater rights to the receipt of dividend payments than those granted to holders of common stock in NetCor.

15. OLIC obtained the 20,000 shares of preferred stock by making material misrepresentations to NetCor which were calculated to induce NetCor's reliance thereon.

16. NetCor did rely on OLIC's material misrepresentations about the value of OLIC's portfolio of insurance policies which resulted in the execution of the Subscription Agreement by which OLIC obtained 20,000 shares of Class A Preferred Stock in NetCor.

17. As a shareholder of NetCor, OLIC had a duty to disclose the misrepresentations made to NetCor, which misrepresentations were not in the best interest of the corporation and contrary to OLIC's duty of loyalty to the corporation.

18. OLIC's failure to disclose the material misrepresentations made to NetCor was a breach of its fiduciary duty of loyalty to the corporation.

19. As a shareholder of preferred shares of NetCor, OLIC has a continuing

7

duty of loyalty to NetCor which requires it to disclose all conflicts of interest, including the discovery of any misrepresentations made to NetCor, and has breached its duty of loyalty by failing to disclose such conflicts.

20. OLIC has further breached its duty of loyalty to NetCor by bringing the instant suit against NetCor, instead of a shareholders' derivative suit.

21. NetCor has been harmed by OLIC's breach of its duty of loyalty and is, therefore, entitled to actual and exemplary damages from OLIC in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### FRAUD

22. NetCor hereby re-alleges and incorporates by this reference as if fully set forth herein the allegations contained in paragraphs 1 through 19 of its Counterclaim.

23. During the relevant period, OLIC, though its president James W. Lillie, Jr., made representations to NetCor about the value of OLIC's insurance portfolio which were material and false, and OLIC, through its president James W. Lillie, knew they were false. These false statements include, but are not limited to, the following material and false statements:

    A. That none of the policies in OLIC's portfolio of insurance business in Guam and Micronesia had lapsed or terminated;

    B. That there were no pending claims by any person, firm or corporation on the policies to be assumed by NetCor, and eventually, NetCare; and,

8

C. That OLIC was not aware of any fact or condition which materially impaired or diminished the value of the policies to be transferred to NetCor and then to NetCare.

24. OLIC fraudulently concealed material facts from NetCor despite a duty to disclose those facts, as alleged above.

25. OLIC made these representations and failed to disclose such material facts, knowing that NetCor would rely on its misrepresentations and concealment in agreeing to the purchase of the portfolio of insurance policies and further agreeing to the Subscription Agreement through which OLIC obtained the 20,000 shares of Class A Preferred Stock in NetCor.

26. Each of the above misrepresentations and concealment were made for the purpose of inducing NetCor to rely upon them.

27. NetCor did, in fact, rely upon such misrepresentations, in ignorance of the representations' falcity, and NetCor has been, and continues to be, damaged as a result of OLIC's misconduct alleged herein.

28. OLIC is guilty of fraud and NetCor is, therefore, entitled to recover actual and exemplary damages from OLIC in an amount to be determined at trial.

**THIRD CAUSE OF ACTION (IN THE ALTERNATIVE)**

**NEGLIGENT MISREPRESENTATION**

29. NetCor hereby re-alleges and incorporates by this reference as if fully set forth herein the allegations contained in paragraphs 1 through 26 of its Counterclaim.

30. During the relevant period, OLIC, though its president James W. Lillie, Jr.,

9

negligently made representations to NetCor about the value of OLIC's insurance portfolio which were material and false, and OLIC, through its president James W. Lillie, knew they were false. These false statements include, but are not limited to, the following material and false statements:

    A.    That none of the policies in OLIC's portfolio of insurance business in Guam and Micronesia had lapsed or terminated;

    B.    That there were no pending claims by any person, firm or corporation on the policies to be assumed by NetCor, and eventually, NetCare; and,

    C.    That OLIC was not aware of any fact or condition which materially impaired or diminished the value of the policies to be transferred to NetCor and then to NetCare.

31. OLIC negligently concealed material facts from NetCor despite a duty to disclose those facts, as alleged above.

32. When OLIC negligently made these misrepresentations and failed to disclose such material facts, OLIC had a pecuniary interest in the transaction and knew that NetCor would rely on its misrepresentations and concealment in agreeing to the purchase of the portfolio of insurance policies and entering into Subscription Agreement.

33. NetCor did, in fact, reasonably rely upon such false information, in ignorance of the representations' falcity, and NetCor has been, and continues to be, damaged as a result of OLIC's negligence alleged herein.

34. OLIC is guilty of negligent misrepresentation and NetCor is, therefore, entitled to recover actual and exemplary damages from OLIC in an amount to be determined at trial.

WHEREFORE, Defendant/Counterclaim-Plaintiff NetCor Inc. Holding Company prays for judgment as follows:

1. For general damages in an amount to be proven at trial;

2. For consequential damages proximately caused by the wrongful conduct of Plaintiff/Counterclaim-Defendant in an amount to be proven at trial;

3. For exemplary and punitive damages in an amount to be proven at trial;

4. For costs of the suit; and

5. For such other and further relief as the Court may deem just and proper, whether prayed for or not.

Dated this 27th day of October, 2004.

**MAIR, MAIR, SPADE & THOMPSON**
A Professional Corporation
Attorneys for Defendant/Counterclaim-Plaintiff
NetCor, Inc. Holding Company

By _____
MARIA T. CENZON-DUENAS

P04872.MTCD