DOOLEY ROBERTS & FOWLER LLP
865 S. Marine Corps Drive
Suite 201, Orlean Pacific Plaza
Tamuning, Guam 96913
Telephone: (671) 646-1222
Facsimile: (671) 646-1223

Attorneys for Plaintiff/Counterclaim Defendant
Occidental Life Insurance Company of North Carolina



FILED
DISTRICT COURT OF GUAM
NOV 15 2004
MARY L. M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| OCCIDENTAL LIFE INSURANCE COMPANY OF NORTH CAROLINA, | CIVIL ACTION NO. 04-00041 |
|---|---|
| Plaintiff/Counterclaim Defendant, | 1. NOTICE OF MOTION TO DISMISS COUNTERCLAIMS |
| vs. | 2. MOTION TO DISMISS COUNTERCLAIMS |
| NETCOR, INC. HOLDING COMPANY, | 3. MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS |
| Defendant/Counterclaimant. | |

TO: DEFENDANT/COUNTERCLAIMANT NETCOR, INC. HOLDING COMPANY AND ITS ATTORNEYS OF RECORD, MAIR, MAIR, SPADE & THOMPSON

### NOTICE OF MOTION TO DISMISS COUNTERCLAIMS

NOTICE IS HEREBY GIVEN that Plaintiff/Counterclaim Defendant Occidental Life Insurance Company of North Carolina ("Occidental") has filed a motion to dismiss the counterclaims of Defendant/Counterclaimant NetCor, Inc. Holding Company ("NetCor") filed in this matter. Said motion is based upon the accompanying memorandum of points and authorities and all pleadings on file herein.

Pursuant to Local Rule 7.1(e), Occidental does not request that oral argument be scheduled in this matter.

1

## MOTION TO DISMISS COUNTERCLAIMS

Occidental hereby moves to dismiss NetCor's counterclaims for the following reasons:

1. The first counterclaim fails to state a claim upon which relief can be granted (see FRCP 12(b)(6); and

2. The second counterclaim fails to state fraud with particularity and should be dismissed pursuant to Rule 9(b) of the Federal Rules of Civil Procedure; and

3. The third counterclaim fails to state a claim upon which punitive damages can be granted so that all requests for punitive damages should be dismissed pursuant to FRCP 12(b)(6).

DOOLEY ROBERTS & FOWLER LLP

Dated: November 15, 2004      By: _____
**DAVID W. DOOLEY**
Attorneys for Plaintiff/Counterclaim
Defendant Occidental Life Insurance
Company of North Carolina

//

//

//

//

2

# MEMORANDUM OF POINTS AND AUTHORITIES
# IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS

## I. INTRODUCTION

Defendant/Counterclaimant NetCor, Inc. Holding Company (hereinafter "NetCor") has filed a counterclaim which alleges three causes of action against Plaintiff/Counterclaim Defendant Occidental Life Insurance Company of North Carolina ("Occidental"). The first cause of action in the counterclaim alleges a breach of fiduciary duty by Occidental. As more fully appears below, as a matter of law, there is no fiduciary relationship between Occidental and NetCor so that there can be no fiduciary duty between the parties. Thus, the first cause of action fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

The second cause of action in the counterclaim alleges a claim based upon fraud. As more fully appears below, the allegations of fraud fail to satisfy the requirements of FRCP 9(b). The second cause of action should therefore be dismissed.

The third cause of action alleges a claim based upon various alleged negligent misrepresentations. In addition to requesting actual damages, the third cause of action seeks punitive damages based upon these alleged negligent misrepresentations. As more fully appears below, punitive damages are not available on claims of negligence. Thus, Counterclaimant's request for punitive damages in Count III of the counterclaim should therefore also be dismissed pursuant to FRCP 12(b)(6).

### A. THE FIRST CAUSE OF ACTION FAILS TO STATE A CLAIM AS THERE IS NO FIDUCIARY RELATIONSHIP BETWEEN PREFERRED SHAREHOLDER, OCCIDENTAL, AND THE CORPORATION, NETCOR.

The first cause of action which has been set forth in the counterclaim is entitled "breach

of fiduciary duty owed to NetCor". NetCor alleges that "at all times relevant herein, (Occidental) owed a fiduciary duty to NetCor as a shareholder of preferred stock in NetCor." (See paragraph 13 of the counterclaims.) However, the mere fact that a person owns preferred shares of stock does not create a fiduciary duty between the shareholder and the company so that the counterclaim fails to state a cause of action.

A fiduciary owes a duty of undivided loyalty to the interests of his beneficiary. In a fiduciary relationship, the interests of the beneficiary must be given priority over those of the fiduciary. In <u>Committee on Children's TV v. General Foods,</u> 35 Cal.3d 197, 673 P.2d 660, 197 Cal.Rptr. 783 (1983), the California Supreme Court stated that a fiduciary is one who must undertake to act on behalf of the beneficiary, giving priority to the best interests of the beneficiary. The court attempted to articulate when a fiduciary duty would be deemed to exist. The court indicated that "before a person can be charged with a fiduciary obligation, he must either knowingly undertake to act on behalf of and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law". <u>Committee on Children's TV</u>, *supra*, 197 Cal.Rptr. at p. 799. A fiduciary relationship obligates the fiduciary to act with undivided loyalty to the beneficiary, solely to protect or advance the beneficiary's interests.

But, there is no legal basis to support NetCor's allegations that Occidental owed a fiduciary duty to NetCor as the law does not recognize a fiduciary relationship between preferred shareholders and the corporation in which it is a shareholder:

> With regard to Plaintiff's breach of fiduciary duty claims, "no trust relation ordinarily exists between the stockholders themselves or between the stockholders and the corporation, because the stockholders ordinarily are strangers to the management and control of the corporation's business and affairs." ... On the other hand "(d)irectors of a corporation and in some cases stockholders who dominate and control a corporation, occupy a position of

4

> 'partial trust' ... and they may be held accountable in equity for detriment to the corporation caused by their breach of the fiduciary obligation arising from that relationship."

Sager Spuck Statewide Supply Co. v. Meyer, 710 N.Y.S.2d 429, 432-433 (N.Y. Sup.Ct., Appellate Div. 2000) (citations omitted).

More importantly, the court held that:

> Based upon the foregoing principals, we conclude that Meyer's ownership of preferred stock in plaintiff did not give rise to a fiduciary duty owed to plaintiff. Meyer acquired the stock at plaintiff's request to accommodate plaintiff in its efforts to cope with its deteriorating financial condition. The stock gave Meyer no voting rights and there is no evidence that he participated in the management and control of the corporation or that his relationship with the holders of plaintiff's common stock was akin to that between partners.

Sager v. Meyer, *supra,* 710 N.Y.S.2d at p. 433.

NetCor's counterclaim simply alleges that Occidental was a preferred shareholder. There are no allegations that Occidental exercised any voting rights or control over the management of the company and there can be no such allegations because Occidental never controlled the management of NetCor. Mere ownership of preferred stock, as alleged by NetCor, is insufficient to create a fiduciary relationship. Sager v. Meyer, *supra,* 710 N.Y.S.2d 429, 432-433. Absent a fiduciary relationship, there are obviously no fiduciary duties that could have been breached by Occidental. Thus, the counterclaim fails to state a claim upon which relief can be granted.

Interestingly, the counterclaims also make clear that whatever misrepresentations were allegedly made by Occidental occurred before Occidental even became an owner of any stock in NetCor. As an outsider, there is again no fiduciary duty which arises between the parties. NetCor's first counterclaim simply fails to state a claim upon which relief can be granted and should be dismissed pursuant to FRCP 12(b)(6).

5

## B. COUNT II OF THE COUNTERCLAIM SHOULD BE DISMISSED BECAUSE NETCOR HAS FAILED TO ALLEGE FRAUD WITH PARTICULARITY.

FRCP 9(b) requires that "(i)n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity". FRCP 9(b) requires the pleadings to "state precisely the time, place and nature of the misleading statements, misrepresentations, and specific acts of fraud". Kaplan v. Rose, 49 F.2d 1363, 1370 (9th Cir. 1994). The Complaint must "detail with particularity the time, place and manner of each act of fraud, plus the role of each defendant in the scheme". Lancaster Community Hospital v. Antelope Valley Hospital District, 940 F.2d 397, 405 (9th Cir. 1991). The rule requires pleading facts that by any definition are evidentiary: time, place, persons, statements made, explanation of what or how such statements are false or misleading. See also, Gottreich v. San Francisco Investment Corp., 552 F.2d 866 (9th Cir. 1977); Blake v. Dierdorff, 856 F.2d 1365, 1369 (9th Cir. 1988); see also, this court's Memorandum Order dated August 8, 1994 in Western Systems, et al. v. Commercial Union Assurance Co., plc, et al., District Court of Guam Civil Case No. 93-00055. NetCor's allegations in its second cause of action fail to meet this burden.

A broad reading of the counterclaims discloses that NetCor may have attempted to allege fraudulent misconduct in paragraphs 15 and 23 of the counterclaims. The alleged fraudulent conduct is described as follows:

> 15. (Occidental) obtained the 20,000 shares of preferred stock by making material misrepresentations to NetCor which were calculated to induce NetCor's reliance thereon.
>
> 23. During the relevant period, (Occidental), through its president James W. Lillie, Jr., made representations to NetCor about the value of (Occidental's) insurance portfolio which were material and false, and (Occidental), through its present James W. Lillie, Jr., knew they were false. These false statements include but are not limited to, the

6

following material and false statements:

    a.    That none of the policies in (Occidental's) portfolio of insurance business in Guam and Micronesia had lapsed or terminated;

    b.    That there were no pending claims by any person, firm or corporation on the policies to be assumed by NetCor, and eventually, NetCare; and

    c.    That (Occidental) was not aware of any fact or condition which materially impaired or diminished the value of the policies to be transferred to NetCor and then to NetCare.

Occidental must conclude that paragraph 23(c) contains several typographical errors and that NetCor actually attempted to allege:

> "c. That (Occidental) was aware of facts or conditions which materially impaired or diminished the value of the policies to be transferred to NetCor and then to NetCare."

A cursory review of these paragraphs discloses that none of the particulars required by Rule 9(b) have been provided in the complaint. Specifically, paragraph 15 does not state what material misrepresentations were made. Paragraph 15 does not state who made the misrepresentations. Paragraph 15 does not state when the misrepresentations were made. Paragraph 15 does not identify the time at which the misrepresentations were made. Paragraph 15 also does not allege to whom the misrepresentations were made. Thus, paragraph 15 of the counterclaim has not stated with any particularity the "time, place and manner of each act of fraud ..." <u>Lancaster Community Hospital v. Antelope Valley Hospital District</u>, 940 F.2d 397, 405 (9th Cir. 1991).

The introductory portion of paragraph 23 of the counterclaim states that James W. Lillie, President of Occidental, made misrepresentations about the value of the insurance portfolio. The

7

introductory portion of paragraph 23 does not state what those misrepresentations were. The introductory portion of paragraph 23 does not state how the value of the portfolio was misrepresented. The introductory portion of paragraph 23 does not state to whom any misrepresentations were made. The introductory portion of paragraph 23 does not indicate when any misrepresentations were made. The introductory portion of paragraph 23 does not indicate where the misrepresentations were made.

Further, the introductory portion of paragraph 23 states that false statements include "but are not limited to" various items which are contained in the latter part of paragraph 23. But, all allegations of fraud must be made with particularity. Thus, NetCor must include all such allegations in the counterclaim and cannot hedge its bets by stating that the allegation includes some wrongful conduct "but is not limited to" the allegations contained later in paragraph 23. All allegations of fraud must be made with particularity and a mere attempt to wait until another day before disclosing the fraudulent conduct is not allowed.

Similarly, Paragraph 23(a) is deficient. Paragraph 23(a) does not identify which of the policies in the portfolio had lapsed or terminated. Paragraph 23(c) does not state to whom Mr. Lillie allegedly made the false statements. Paragraph 23(c) fails to identify when said false statements were made. Paragraph 23(c) fails to state where the statements were made.

Paragraph 23(b) fails to allege which claims were not disclosed to NetCor. Paragraph 23(b) fails to identify when Mr. Lillie affirmatively misrepresented the non-existence of pending claims. Paragraph 23(b) fails to identify the person who received false statements from Mr. Lillie regarding the non-existence of pending claims. Paragraph 23(b) fails to identify when statements regarding the non-existence of such claims were made. Paragraph 23(b) fails to identify where the misrepresentations were allegedly made.

8

Finally, paragraph 23(c) (as corrected by the undersigned) does not identify which facts or conditions materially impaired or diminished the value of the policies. Paragraph 23(c) fails to identify which facts or conditions were not disclosed. Paragraph 23(c) fails to identify which persons at Occidental were aware of facts or conditions which materially impaired or diminished the value of the policies. Paragraph 23(c) fails to identify when Occidental was aware of the facts or conditions which materially impaired or diminished the value of the policies. Paragraph 23(c) fails to identify who failed to disclose this information to NetCor.

Paragraph 23 (like paragraph 15), fails to allege the time, place, manner, parties, and substance of the alleged misrepresentations. As such, the complaint is deficient under FRCP 9(b) and should be dismissed.

## C. THE REQUEST FOR PUNITIVE DAMAGES IN COUNT III OF THE COUNTERCLAIM SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Count III of the Counterclaim alleges a claim of "negligent misrepresentation". The complaint essentially asserts that Occidental, through its president James Lillie, negligently misrepresented the statements which were discussed in the previous section of this memorandum regarding fraud. Count III does not, at any time, allege that Occidental intentionally, willfully, or maliciously made the misrepresentations to NetCor. Thus, the third cause of action is a garden variety negligence claim.

Occidental moves to dismiss all allegations regarding punitive damages pursuant to FRCP 12(b)(6) which states:

> Every defense, in law or fact, to a claim for relief, in any pleading, whether a claim, counterclaim, crossclaim or third party claim, shall be asserted in the responsive pleading thereto if one is required,

> except that the following defenses may at the option of the pleader be
> made by motion: ... 6. Failure to state a claim upon which relief can
> be granted, ...

The counterclaim fails to a state a claim for punitive damages because punitive damages cannot be awarded on a claim based upon negligence.

> Historically, actionable negligence did not justify an award of punitive damages.

Cortez v. Macias, 110 Cal.App.3d 640, 167 Cal.Rptr. 905, 914 (Ct.App. 1980).

Similarly, the California Court of Appeal has stated that a "tort committed by mistake, in the assertion of a supposed right, or without any wrong intention, and without such recklessness as evinces malice or a conscious disregard of the rights of others, does not warrant punitive damages." Kendall Yacht Corp. v. United California Bank, (Ct.App. 1975) 50 Cal.App.3d 949, 123 Cal.Rptr. 848, 855, quoting Roth v. Shell Oil Co., (Ct.App. 1960) 125 Cal.App.2d 676, 682, 8 Cal.Rptr. 514, 517.

This interpretation is consistent with Guam statutory law regarding punitive damages. The basis for punitive damages is found at 20 G.C.A. §2120 which states:

> In an action for the breach of an obligation not arising from
> contract, where the defendant has been guilty of oppression, fraud,
> or malice, express or implied, the plaintiff, in addition to the actual
> damages, may recover damages for the sake of example and by
> way of punishing the defendant.

As can be seen from the statutory framework, punitive damages are allowed only if there has been oppression, fraud, or malice, express or implied. Such guilty conduct has not been pled by NetCor. To the contrary, mere negligence is all that has been alleged so that punitive

damages cannot be awarded. Thus, all allegations regarding punitive damage should be dismissed from the third counterclaim.

## II. CONCLUSION

Based upon the above, Count I of the counterclaim must be dismissed as there is no fiduciary relationship between the parties. Count II of the counterclaim, which is entitled "fraud", must be dismissed as the complaint fails to allege fraud with the particularity that is required by FRCP 9(b). And, all allegations in the third counterclaim regarding an award of exemplary damages arising out of the negligent misrepresentation claim should also be dismissed.

DOOLEY ROBERTS & FOWLER LLP

Dated: November 15, 2004      By: _____
**DAVID W. DOOLEY**
Attorneys for Plaintiff/Counterclaim
Defendant Occidental Life Insurance
Company of North Carolina

11