DOOLEY ROBERTS & FOWLER LLP
865 S. Marine Corps Drive
Suite 201, Orlean Pacific Plaza
Tamuning, Guam 96913
Telephone:    (671) 646-1222
Facsimile:     (671) 646-1223


FILED
DISTRICT COURT OF GUAM
DEC 10 2004
MARY L. M. MORAN
CLERK OF COURT

Attorneys for Plaintiff/Counterclaim Defendant
Occidental Life Insurance Company of North Carolina

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | | |
|---|---|---|
| OCCIDENTAL LIFE INSURANCE COMPANY OF NORTH CAROLINA, | ) ) ) | CIVIL ACTION NO. 04-00041 |
| Plaintiff/Counterclaim Defendant, | ) ) ) | |
| vs. | ) ) ) | **OCCIDENTAL LIFE INSURANCE COMPANY OF NORTH CAROLINA'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |
| NETCOR, INC. HOLDING COMPANY, | ) ) | |
| Defendant/Counterclaimant. | ) | |

## I.    INTRODUCTION

NetCor Inc. Holding Company ("NetCor"), in its memorandum filed December 3, 2004, correctly points out that any dismissal which may be ordered by this court should be made without prejudice and that NetCor should be allowed to amend its pleadings. Occidental Life Insurance Company of North Carolina ("Occidental") does not dispute that leave to amend should be freely granted. It is unfortunate, however, that the "facts" which were described by NetCor in its opposition brief at pages 10 through 12 were not included in the original counterclaim so that this pending motion to dismiss would have been unnecessary.

Occidental Life Insurance Company of North Carolina's
Reply Memorandum in Support of Motion to Dismiss
Page 2

## II.  THE FIRST CAUSE OF ACTION - BREACH OF FIDUCIARY DUTY

The counterclaim entitled "Breach of Fiduciary Duty Owed to NetCor" merely states that Occidental owed a fiduciary duty. The only fact which was alleged to show a fiduciary relationship is that Occidental is a holder of preferred stock. (See paragraph 13). The mere ownership of shares of stock, even preferred shares of stock, does not create a fiduciary relationship. Sager v. Meyer, 710 N.Y.S.2d 429, 433 (N.Y. Sup. Ct. Appellate Div. 2000). Thus, the first cause of action, as currently pled, does not state a claim.

However, as pointed out by Occidental in its memorandum, if the majority shareholders who control and dominate the corporation abuse that power, then a claim for breach of fiduciary duty can be alleged. See Sager v. Meyer, 710 N.Y.S.2d 429. But, the first cause of action alleged by NetCor nowhere alleges that Occidental "embedded its legal counsel and chairman James Lilly into a directorship position of NetCor's only subsidiary. With its attorney and chairman orchestrating the operations of NetCor's only subsidiary, OLIC insured that its fraud would not be discovered", etc., etc. It is only in its memorandum of points and authorities that NetCor identifies sufficient facts to show a fiduciary relationship. Because those allegations are not in the counterclaim, the counterclaim fails to state a claim.

Occidental does not oppose NetCor's request that it be allowed to amend the complaint in order to allege the facts which it believes it can prove as illustrated on pages 10 through 12 of the memorandum. But, as currently drafted, the first cause of action fails to state a claim.

//

//

Occidental Life Insurance Company of North Carolina's
Reply Memorandum in Support of Motion to Dismiss
Page 3

## III.    THE SECOND CAUSE OF ACTION - FRAUD

NetCor, in its memorandum of points and authorities, asserts that the evidence will establish an elaborate scheme which was orchestrated by Occidental. That scheme, if it had been pled in the second cause of action, would have adequately stated a claim for fraud. But, those facts are not in the counterclaim and have only surfaced in its memorandum in opposition to the motion to dismiss. Thus, the counterclaim fails to allege fraud with particularly. But, Occidental does not oppose Netcor's request that it be allowed to file an amended counterclaim.

## IV.    THIRD CAUSE OF ACTION - NEGLIGENT MISREPRESENTATION

NetCor is again correct that punitive damages can be awarded in negligent misrepresentation claims, but only if the plaintiff alleges and proves "oppression, fraud, or malice, express or implied". See 20 G.C.A. §2120. Again, however, the problem is that the counterclaim merely alleges negligence.

NetCor claims that its cause of action "is essentially identical to the fraud claim". (See, NetCor's brief at p. 16). As acknowledged by NetCor, "negligent misrepresentation is a form of 'actual fraud'". (See NetCor's brief at p. 16). Thus, it appears that NetCor's second and third causes of action are identical and redundant, as both causes of action allege the same facts and the same fraudulent scheme. The third cause of action could therefore be stricken by this court pursuant to FRCP 12(f) which states;

Occidental Life Insurance Company of North Carolina's
Reply Memorandum in Support of Motion to Dismiss
Page 4

... upon the court's own initiative at any time, the court may order
stricken from any pleading any ... redundant ... matter.

Since the second and third causes of action in NetCor's counterclaims are identical, they
are redundant.

## V.   CONCLUSION

Netcor's initial counterclaims filed in this matter are deficient. Occidental, however, has
no objection to the court allowing NetCor to amend the claims in order to allege the "facts"
which are identified on pages 10 through 12 of NetCor's memorandum of points and authorities.
But, if leave to amend is granted, it would appear that the second and third causes of action are
identical so that one of the claims could be stricken as being redundant to the other.

DOOLEY ROBERTS & FOWLER LLP

Dated: December 10, 2004                   By:  _____
                                                **DAVID W. DOOLEY**
                                                Attorneys for Plaintiff/Counterclaim
                                                Defendant Occidental Life Insurance
                                                Company of North Carolina

Occidental Life Insurance Company of North Carolina's
Reply Memorandum in Support of Motion to Dismiss
Page 5

## CERTIFICATE OF SERVICE

I, **DAVID W. DOOLEY,** hereby certify that on the 10th day of December, 2004, I

caused a copy of Plaintiff/Counterclaim Defendant Occidental Life Insurance Company of North

Carolina's Reply Memorandum in Support of Motion to Dismiss to be served upon the following

via hand delivery:

Maria T. Cenzon-Duenas, Esq.
**MAIR, MAIR, SPADE AND THOMPSON, P.C.**
238 A.F. C. Flores Street
Suite 801, Pacific News Building
Hagåtña, Guam 96910

Dated: <u>December 10, 2004</u>

**DAVID W. DOOLEY**