FILED
DISTRICT COURT OF GUAM
JAN 26 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| OCCIDENTAL LIFE INSURANCE COMPANY OF NORTH CAROLINA, <br><br> Plaintiff, <br><br> vs. <br><br> NETCOR, INC. HOLDING COMPANY <br><br> Defendant, | Civil Case No. 04-00041 <br><br> ORDER GRANTING MOTION TO DISMISS |
| NETCOR, INC. HOLDING COMPANY, <br><br> Counterclaim-Plaintiff, <br><br> vs. <br><br> OCCIDENTAL LIFE INSURANCE COMPANY OF NORTH CAROLINA, <br><br> Counterclaim-Defendant, | |

### INTRODUCTION

This matter comes before the Court on the plaintiff's, Occidental Life Insurance Company of North Carolina, motion to dismiss. After considering this matter, the motion is hereby **GRANTED** and the defendant is given leave to amend its counterclaims.

///

## STATEMENT

The defendant/counterclaimant, NetCor, Inc. Holding Company ("NetCor") filed a counterclaim which alleges three claims against the plaintiff/counterclaim defendant Occidental Life Insurance Company of North Carolina ("Occidental"). Specifically, NetCor alleges: (1) breach of a fiduciary duty owed by Occidental to NetCor; (2) fraud; and (3) negligent misrepresentation.

## ANALYSIS

Occidental moves this Court to dismiss NetCor's counterclaims. A motion to dismiss under Rule 12(b)(6) must not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). All allegations of material fact must be taken as true and construed in the light most favorable to the plaintiff. *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1021 (9th Cir. 2000), *cert. denied*, 532 U.S. 1021 (2001).

In its first counterclaim, NetCor alleges (at paragraph 13) that "at all times relevant herein, OLIC [Occidental] owed a fiduciary duty to NetCor as a shareholder of preferred stock in NetCor." Occidental argues that the mere fact that a person owns preferred shares of stock does not create a fiduciary duty between the shareholder and the company. In its reply, NetCor explains the relationship between Occidental and NetCor in much more detail. It argues that Occidental was acting more like NetCor's partner than a mere shareholder of the company. For example, Occidental allegedly not only controlled the structure of the transaction that is the subject matter of the lawsuit, "but also dictated key elements including the formation of a holding company (NetCor) to purchase Occidental's insurance business and a subsidiary of NetCor (NetCare Life and Health Insurance Company) to operate the business" (Opposition at page 9). Since Occidental had such an involved role, it had a fiduciary obligation arising from that relationship. *See Morton v. Rank America, Inc.* 812 F.Supp. 1062, 1072 (C.D.Cal.1993) (recognizing "that the relationship between shareholders in a close corporation, vis-a-vis each other, is akin to that between partners and imposes a high degree of fidelity and good faith").

2

Had NetCor pled the "facts" as described in its opposition, the pending motion to dismiss this count might have been avoided. As drafted, the first counterclaim is deficient.

NetCor's second counterclaim alleges fraud. Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." To survive a motion to dismiss, the pleadings must "state precisely the time, place and nature of the misleading statements, misrepresentations, and specific acts of fraud." *Kaplan v. Rose*, 49 F.2d 1363, 1370 (9th Cir. 1994). The present fraud counterclaim fails to allege the specifics as required by Rule 9. In its pleadings, NetCor states:

> 23. During the relevant period, OLIC, [Occidental] through its president James W. Willie, Jr., made representations to NetCor about the value of OLIC's insurance portfolio which were material and false, and OLIC, through its president James W. Lillie, knew they were false. These false statements include, but are not limited to, the following material and false statements:
>
> A. That none of the policies in OLIC's portfolio of insurance business in Guam and Micronesia had lapsed or terminated;
>
> B. That there were no pending claims by any person, firm or corporation on the policies to be assumed by NetCor, and eventually, NetCare; and
>
> C. That OLIC was not aware of any fact or condition which materially impaired or diminished the value of the policies to be transferred to NetCor and then to NetCare.

There is no mention as to when or where such misrepresentations were made and to whom such misrepresentations were directed. Neither is there any mention of the substance of the alleged misrepresentations. NetCor states that its fraud allegations are to include "but are not limited to" its recitations as set forth in its claim. This kind of "wait and see what develops approach" is contrary to Rule 9(b). NetCor has failed to put Occidental on notice as to what it needs to defend against by such a pleading. Accordingly, this counterclaim is lacking and must be dismissed as drafted.

The third counterclaim for negligent misrepresentation suffers likewise. "It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements. *Glen Holly Entertainment, Inc. v. Tektronix, Inc.*,

3

100 F.Supp.2d 1086, 1093 (C.D.Cal. 1999) ("Claims for fraud and negligent misrepresentation must meet the heightened pleading requirements of Rule 9(b)").

In sum, this order holds that NetCor's counterclaims fell short under Rules 12(b)(6) and 9(b). Instead of dismissing NetCor's counterclaims outright, leave to amend under Rule 15(a) is granted.

On a separate point, the Court does not agree with Occidental's argument that the negligence and fraud counterclaims are redundant. Although the elements of the two claims are almost identical, they are recognized as two separate theories. Furthermore, there is no "scienter" element to negligent misrepresentation. In other words, unlike a fraud claim, the defendant need not actually know that the representation being made is false. *Neilson v. Union Bank of California, N.A.*, 290 F.Supp. 2d 1101, 1142 - 43 (C.D.Cal. 2003). Accordingly, the Court will not strike one as being redundant to the other and will allow NetCor to amend both claims and include them in its counterclaims.

## CONCLUSION

Based upon the foregoing, NetCor's counterclaims against Occidental are hereby **DISMISSED** without prejudice with leave to amend.

**IT IS SO ORDERED.**

Dated: January 24, 2005.

WILLIAM ALSUP*
UNITED STATES DISTRICT JUDGE

Notice is hereby given that this document was entered on the docket on 1/27/05. No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: _____ 1/27/05
Deputy Clerk       Date

*The Honorable William Alsup, United States District Judge for the Northern District of California, by designation.